**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ANTHONY JOE, II.,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | |
| | : | **CIVIL No: 5:14-CV-0184-MTT-CHW** |
| **CYNTHIA NELSON, *et. al.,*** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Plaintiff **ANTHONY JOE, II,** an inmate currently confined at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983 and is proceeding in this case *in forma pauperis*.   After construing all allegations in the Complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** without prejudice, pursuant to §1915A(b)(1), for failure to state a claim.

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a).   In so doing, the district court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   A *pro se* pleading

is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed broadly and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted.   *See* 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   To survive a preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging specific facts and creating "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.   *See Twombly*, 550 U.S. at 555-56.

## ANALYSIS OF CLAIMS

The present action arises out of an alleged lack of sanitation in the lockdown unit at Macon State Prison.   Plaintiff's Complaint alleges that he was confined in the "H2 lockdown unit" for forty days, that "cell sanitation" was only conducted three times during that period, and that Defendants were personally aware of these conditions and ignored his multiple requests for more frequent cleaning.   Though Plaintiff's Complaint is quite vague as to the exact conditions of his cell between cleanings, he does allege that a dog once left drool on his floor after a "shake down" and that, on another occasion, water on his floor (from a "toilet . . . or wherever") was ignored for hours before officials finally provided Plaintiff with something to push it out of his cell.   Plaintiff also alleges that he caught and killed a rat he found in an open chip bag left on his cell floor.   Plaintiff then

kept the dead rat for three days to show prison officials, which of course caused his cell to smell.   When officials were told of the dead rat and the smell, Plaintiff and his roommate were transferred to another cell, though the new cell was apparently also "very dirty."

Plaintiff has now brought claims for violations of the Eighth and Fourteenth Amendments based on the conditions of his confinement.   Plaintiff also asserts that the unsanitary conditions of his cell interfered with his ability to say his daily prayers and thus also violated his First Amendment rights.

I.   <u>Eighth Amendment Claims</u>

Plaintiff claims that the conditions of his confinement constitute cruel and unusual punishment and thereby violate his rights under the Eighth Amendment.   *See* Complaint at ¶ 126.   To prevail on a conditions of confinement claim, a prisoner must show that his conditions are objectively and sufficiently "serious," or "extreme," so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010).   This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004), or if society otherwise "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 37, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).   "[L]imited periods of incarceration in unsanitary conditions are generally insufficient to evidence an Eighth Amendment violation."   *Mckissick v. Owens*, No. CV 312–065, 2013 WL 1213087, at *2 (S.D. Ga. Feb. 21, 2013).

Even when construed liberally and read in the light most favorable to Plaintiff, the factual allegations in Plaintiff's Complaint do not describe the sort of "extreme"

deprivation that an Eighth Amendment claim demands.   *See Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).   There is nothing in Plaintiff's Complaint to suggest that the conditions described posed an unreasonable risk of serious damage to Plaintiff's health or offended the contemporary standards of decency.   *See e.g., Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (living with a toilet that occasionally overflows "is unpleasant but not necessarily unconstitutional"); *Smith v. Copeland*, 87 F.3d 265, 268–69 (8th Cir.1996) (overflowed toilet in cell for 4 days was not unconstitutional); *Brown v. Withrow*, 985 F.2d 559, 559 (6th Cir. 1993) (having rats, roaches and ants present in the cell is not below the constitutional standard).

While Plaintiff's confinement may have been unpleasant, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights.   *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) ("the Constitution does not mandate comfortable prisons").   Plaintiff is of course residing in a prison; and prisons are not expected to be free of discomfort. *Id.*   "[R]outine discomfort is part of the penalty prisoners may pay for their offenses, and prisoners cannot expect the amenities, conveniences, and services of a good hotel."   *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004).

Furthermore, even if Plaintiff had stated a claim for relief, the Complaint does not allege that Plaintiff suffered any physical injury as a result of his confinement in these conditions.   In the absence of a physical injury, Plaintiff is precluded from recovering compensatory or punitive damages. *See* 42 U.S.C. § 1997e(e); *Al-Amin v. Smith*, 637 F.3d 1192, 1999 (11th Cir. 2011).   His request for prospective injunctive is also likely moot, as Plaintiff alleges that he is no longer housed in the H-2 building.   Compl. at ¶123.

II.   Due Process Claim

    The Complaint also alleges that the conditions of Plaintiff's confinement violated due process.   *See* Compl. at ¶ 126.   The Due Process Clause of the Fourteenth Amendment "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally protected interest "in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir.1991) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983)).   To state a due process claim, a prisoner must allege facts to show both (1) that he was denied adequate process and (2) that the nature of his disciplinary sanction affected his liberty in such a way that he was entitled this constitutional protection.   *See Sandin v. Conner*, 515 U.S. 472, 476, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).   "When an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation . . . or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013).

    In this case, Plaintiff's Complaint does not allege that he was denied a hearing with respect to his transfer to isolation and confinement in the challenged conditions. However, even if a hearing was not provided, the facts alleged show that Plaintiff's term of punitive confinement was relatively short – approximately 90 days.   "Short sentences of disciplinary confinement do not tend to present the kind of atypical and significant deprivation to implicate the Due Process Clause absent a showing that the prisoner's

isolation worked a major disruption in the [his] environment when compared to his placement in the general population."   *Taylor v. McSwain*, 335 F. App'x  32, 34 (11th Cir. 2009).   Nothing in Plaintiff's Complaint suggests that his confinement caused a "major disruption" in his environment (when compared to the conditions experienced in general population) or that the deprivations he endured were otherwise atypical of those discomforts normally associated with prison life.   *See Sandin*, 515 U.S. at 486.

III.   <u>First Amendment Claim</u>

Plaintiff also brings claims against Defendants under the First Amendment. *See* Compl. at ¶ 126.   It is, of course, well-settled that the First Amendment of the United States Constitution prohibits prison officials from imposing a substantial burden on the free exercise of an inmate's "sincerely held" religious belief unless their actions or restrictions are "reasonably related to legitimate penological interests.'" *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348–53, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).   Section 3(a) of Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), § 2 et seq., 42 U.S.C.A. § 2000cc et seq. likewise "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005).   "More expansive than prisoners' rights under the First Amendment, RLUIPA 'affords to prison inmates a heightened protection from government-imposed burdens, by requiring that the government demonstrate that the substantial burden on the prisoner's religious exercise is justified by a compelling, rather than merely a legitimate, governmental interest.'" *Gardner v. Riska*, 444 F. App'x 353, 354 (11th Cir. 2011) (per curiam) (quoting *Smith v.*

*Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007)).

In this case, Plaintiff alleges that, because of the unsanitary conditions in his cell, he was required to "take it upon his self to wipe the floor" with water and toilet paper before he performed his daily prayers. *Id.* at ¶ 43.   Plaintiff also alleges that he was unable to perform four of his five daily prayers on the one day that water flooded his cell. *Id.* at ¶¶ 70-74.

Even if true, these allegations do not state a claim under either the First Amendment or RLUIPA.   Plaintiff has not alleged facts to show that the slight inconvenience of having to wipe his floor before prayers actually imposed "a substantial burden" on the free exercise of his religious beliefs.   *See Lone v. Estate of Shabazz*, 482 U.S. 342, 348–53, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).   The single or isolated incident involving the presence of standing water on Plaintiff's floor likewise does not demonstrate a substantial burden on the exercise of his religion – even if Plaintiff "missed" four prayers that day.   "Isolated acts or omissions . . . do not constitute a substantial burden on religious freedom."   *Mubashshir v. Moore*, No. 3:10 CV 2802, 2011 U.S. Dist. LEXIS 42130, at *17–18, 2011 WL 1496670 (E.D. Mich. April 19, 2011).   *See Davis v. Doe*, No. 1:14CV373, 2014 WL 1835853, at *2 (M.D.N.C. May 8, 2014) ("[S]ingle or isolated incidents do not place a substantial burden on an inmate's exercise of religion.") (citing *Brown v. Graham*, 470 F. App'x. 11, 15 (2d Cir 2012) (failure to provide a kosher meal on one occasion did not rise to the level of a substantial burden); *Pfeil v. Lampert*, No. 2:12–CV–00184–S, 2014 WL 1315551, at *8 (D. Wyo. Mar. 31, 2014) (a single missed visit with a minister is not a substantial burden*).* "

Even if a prison official's refusal to provide Plaintiff with something to dry the water

from his cell floor could constitute a "substantial burden," nothing in the Complaint suggests that any of the named defendants were responsible for that refusal or even had knowledge of the standing water until the next day.   Plaintiff cannot support a constitutional claim by alleging that a supervisory official learned of a potential constitutional violation after it occurred.   *See Pride v. Danberg*, No. 08–848–RK, 2009 WL 151535, *3 (D. Del. Jan.22, 2009) ("any participation by [d]efendants in the after-the-fact review of [plaintiff's] complaints is not enough to establish personal involvement."); *Ward v. Scribner*, No. 1:05-CV-01618, 2006 WL 1651697, *4 (E.D. Cal. June 12, 2006) ("Plaintiff's bare allegation indicating that [the] defendant ... knew something had occurred is insufficient to impose liability ....").

## CONCLUSION

The Court therefore finds that Plaintiff has failed to state a claim for relief under § 1983.   Plaintiff's Complaint is accordingly **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

As Plaintiff was previously advised, the dismissal of this complaint does not relieve his obligation to pay the Court's filing fee; Plaintiff is still obligated to pay the full $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b).   For this reason, it is **ORDERED** that Plaintiff be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The agency having custody of Plaintiff is **DIRECTED** forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid.   *See* 28 U.S.C. § 1915(b)(2).   It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account

continue until the entire $350.00 has been collected, notwithstanding the dismissal of this lawsuit and the granting of judgment against him prior to the collection of the full filing fee. In the event Plaintiff is released from the custody of the State of Georgia (or county thereof), he remains obligated to pay any balance due on the filing fee until it has been paid in full.   If Plaintiff is released from custody and fails to remit payments, collection of any balance due is authorized by any means permitted by law.

**SO ORDERED** this 27th day of June, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr